10-4869-cv
Giunta v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of December, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

---

Joseph Jude Giunta,

> *Plaintiff-Appellant*,

v.                                                            10-4869-cv

Commissioner of Social Security,

> *Defendant-Appellee*.

---

FOR APPELLANT:        Joseph Jude Giunta, *pro se*, Flushing, N.Y.


FOR APPELLEE:         Kathleen A. Mahoney, Varuni Nelson, Assistant United States Attorneys, of counsel, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Joseph Jude Giunta, proceeding *pro se*, appeals from the district court's judgment granting the motion of the Commissioner of Social Security ("Commissioner") for judgment on the pleadings in Giunta's action seeking judicial review of a final decision of the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing a district court's decision affirming a final decision of the Commissioner, we do not determine *de novo* whether the claimant is disabled, but rather review the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision. *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010); *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). The Court "may only set aside a determination which is based upon legal error or not supported by substantial evidence." *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (internal quotation marks omitted). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). In deciding whether substantial evidence exists, we defer to the Commissioner's resolution of conflicting evidence. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

2

Having conducted an independent review of the administrative record in light of the above principles, we conclude that, for substantially the same reasons stated by the district court, the Commissioner's decision denying Giunta's claim for disability benefits was legally correct and supported by substantial evidence. On appeal, Giunta emphasizes his own report of the debilitating effects of his impairment and the opinions of his treating physicians that he was "totally disabled." However, the ultimate determination of whether a claimant is disabled under the Social Security Act is "reserved to the Commissioner." 20 C.F.R. § 404.1527(e)(1). As noted by the ALJ and district court, a claimant's subjective report of the effects of his impairment is not controlling, *see* 20 C.F.R. § 404.1529, and the opinion of a treating physician is not controlling if it conflicts with other substantial evidence in the record. *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citing 20 C.F.R. § 404.1527(d)(2)). Here, there was substantial evidence suggesting that Giunta retained a residual functional capacity to perform his past relevant work as a "light duty" computer technician, *see* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.960(b)(1) (defining "past relevant work"), including objective medical evidence, physician testimony and reports, and Giunta's own behavior in working as a computer technician after sustaining his injuries. Although Giunta claims that his injuries ultimately prevented him from performing his past relevant work as a computer technician, this claim is inconsistent with his testimony that, after being laid off, he did not reacquire such a job because of the weak economy, not because of a physical limitation. The ALJ was not required to accord controlling weight to Giunta's subjective complaints or, in light of the conflicting evidence, the opinions of Giunta's treating physicians. We are required to defer to the ALJ's resolution of this conflict as the ALJ provided adequate explanation for the weight given to the opinions. *See Clark*, 143 F.3d at 118.

We have considered 's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4